# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| MICHAEL CHAPPELL and ) | |
| DARLENE CHAPPELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 05-00347-BH-M |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER

This action is before the Court on defendant's motion (Doc. 12) for summary judgment. Upon consideration of the motion, plaintiffs' response in opposition thereto (Doc. 16), defendant's reply (Doc. 18), and all other pertinent portions of the record, the Court concludes that defendant's motion is due to be granted.

## FINDINGS OF FACT

Upon consideration of all the evidence of record, the Court finds that the following facts are either undisputed or uncontradicted by the plaintiffs:

1. The defendant, Wal-Mart Stores East, LP ("Wal-Mart"), operates a stores in Dallas County, Alabama. (Benson Aff. at ¶ 2).

2. On February 23, 2003, the plaintiffs, Michael and Darlene Chappell, were shopping for groceries in Wal-Mart at approximately 12:30 or 1:00 p.m. (M. Chappell Dep. at 33; D. Chappell Dep. at 71).

    3.    Mr. Chappell went to the frozen food section to retrieve some forgotten frozen garlic toast before plaintiffs checked out. (Opposition Brief at 1; M. Chappell Dep. at 33; D. Chappell Dep. at 71). Mr. Chappell slipped and fell. (M. Chappell Dep. at 34-36; Opposition Brief at 1).

    4.    There were no witnesses to the fall. (M. Chappell Dep. at 39; D. Chappell Dep. at 73; Benson Aff. at ¶ 5). Mrs. Chappell found her husband when he was trying to get back up from the fall and went to get help. (M. Chappell Dep. at 39-40; D. Chappell Dep. at 71-72; Opposition Brief at 1). Kenneth Benson was the Assistant Manager at Wal-Mart when Mr. Chappell fell and was the first Wal-Mart employee on the scene following the fall. (Benson Aff. at ¶¶ 2 and 5; D. Chappell Dep. at 72).

    5.    Mr. Chappell does not know on what he fell and only knows what he was told. (M. Chappell Dep. at 34, 38, 44-45). Kenneth Benson and Mrs. Chappell went to the area where Mr. Chappell had fallen and found what has been described as an old lavender or purple squashed flower or leafy item, although Mrs. Chappell did not know what it actually was. (D. Chappell Dep. at 72-73; Benson Aff. at ¶ 5). It was the only thing in the area upon which Mr. Chappell could have slipped. (D. Chappell Dep. at 75).

    6.    Plaintiffs do not dispute that there was nothing preventing Mr. Chappell from seeing the object upon which he slipped and that he would have seen it had he been looking down. ((M. Chappell Dep. at 38; D. Chappell Dep. at 77-78).

    7.    Plaintiffs have proffered no evidence to contradict defendant's evidence that, on the day Mr. Chappell fell, Wal-Mart adhered to its procedures which required the

Associates working in the frozen food area where the incident occurred to inspect the area each hour and to maintain a clean and safe working area.  (Benson Aff. at ¶ 3).  Nor has any evidence been proffered to dispute the fact that Mr. Benson had been in the area minutes before Mr. Chappell fell and had not noticed anything on the floor.  (Benson Aff. at ¶ 4).  Plaintiffs acknowledge that "[c]ustomers go in and shop, and logically, every item in the store could potentially end up on the other end of the store via a customer's cart."  (Opposition Brief at 1).   It is also undisputed that plaintiffs do not know how long the substance upon which Mr. Chappell slipped had been on the floor.  (D. Chappell Dep. at 75, 77-78).

## CONCLUSIONS OF LAW

1. **Summary Judgment Standard**

A defendant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and . . . affidavits . . . show that there is no *genuine* issue as to any *material* fact and that [the defendant is] entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c)  (emphasis added).  Under Rule 56(c):

> A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  A fact is "material" if it might affect the outcome of the suit under governing substantive law.

*Beck v. Somerset Technologies, Inc.,* 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for [the plaintiffs], there is no genuine issue for

trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the plaintiffs fail to produce sufficient evidence to raise a genuine issue of material fact on the existence of an essential element of their claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986*); Manor Healthcare Corp. V. Lomelo,* 929 F.2d 633, 636 (11th Cir. 1991). In considering defendant's motion for summary judgment, the Court views the facts presented, together with all reasonable inferences arising from the facts, in the light most favorable to the plaintiffs. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Cooper v. Southern Co.*, 390 F.3d 695, 723 (11th Cir. 2004). As the moving party, the defendant has the initial burden of showing the absence of a genuine issue of material fact. *Id.* Once the defendant makes that showing, the burden shifts to the plaintiffs to "come forward with *specific* facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87 (1986). Confronted with a properly supported motion for summary judgment, the plaintiffs must adduce admissible evidence which creates a material factual dispute. *Clarke v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Plaintiffs must do more than "simply show there is some metaphysical doubt as to the material facts." *Anderson,* 477 U.S. at 251-52. They must produce evidence. *Id.*

As specifically applicable to the case at bar, once a defendant makes a prima facie showing that it had no actual or constructive knowledge of the presence of a substance which caused a slip and fall, and that the defendant was not derelict in failing to discover and remove the substance, "the burden shifted to the plaintiff to present substantial

evidence that the alleged substance that caused her to fall had been on the floor for such a length of time that constructive notice of its presence could be imputed to the defendants; that the defendants had actual notice that the substance was on the floor; or that the defendants were delinquent in not discovering and removing the substance." *Speer v. Pin Palace Bowling Alley*, 599 So.2d 1140, 1143-44 (Ala. 1992).  If plaintiffs fail to proffer the requisite evidence on any of the elements of their claim, defendant is entitled to summary judgment. *Id.*

    2.    **Plaintiffs' Slip and Fall Claim**.

In Maddox v. K-Mart Corp., 565 So.2d 14 (Ala.1990), the Alabama Supreme Court succinctly summarized the applicable law in "slip and fall" cases as follows:

> [A] storekeeper is under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an insurer of the customer's safety, and is liable for injury only if he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The plaintiffs must prove that the injury was proximately caused by the negligence of [the storekeeper] or one of its servants or employees. Actual or constructive notice of the presence of the substance must be proven before [the storekeeper] can be held responsible for the injury. Furthermore, the plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] had actual notice that the substance was on the floor; or (3) that [the storekeeper] was delinquent in not discovering and removing the substance."

565 So.2d at 16.

As applied to the case at bar, plaintiffs have failed to proffer any evidence either that the defendant had act notice of the substance upon which Mr. Chappell slipped, or

that the substance had been on the floor a sufficient length of time to impute constructive notice.[1]  Consequently, Wal-Mart is entitled to summary judgment in this action.  *See, also*, *East v. Wal-Mart Stores, Inc.*, 577 So.2d 459 (Ala.1991) (affirming a summary judgment for the defendant where the plaintiff and her only witness testified that they did not know how long the substance had been on the floor and that they did not believe that the defendant had any notice the substance was there until after the accident); *Brown v. Autry Greer & Sons, Inc.*, 551 So.2d 1049 (Ala.1989) (affirming a summary judgment for the defendant where the plaintiff presented no evidence to show that the defendant had actual or constructive notice of the substance in question, or that the defendant was delinquent in not discovering and removing it); *Vargo v. Warehouse Groceries Mgt., Inc.*, 529 So.2d 986 (Ala.1988) (affirming a summary judgment for the defendant where the plaintiff and her only witness testified that they had no idea how long the puddle of water on which the plaintiff had slipped had been on the floor, except that it "looked like it had been there for a while," and where there was no other evidence as to how long the water

---

[1] Plaintiffs' reliance upon *Howard v. Kroger Co.*, 752 So.2d 504 (Ala. Civ. App. 1999), is misguided.  In *Kroger* plaintiff proffered evidence of an employee's statement that the water on the floor came from the defendant's meat cooler.  Plaintiffs in this case have proffered no evidence that Wal-Mart itself placed the substance on the floor and thus "created the danger." Similarly, *Cash v. Winn-Dixie Montgomery, Inc.*, 418 So.2d 874, 876 (Ala. 1982), offers no support to the plaintiffs in this case.  In *Cash*, the court surmised that "[a] can may have been dropped on the floor by another customer only minutes before the plaintiff fell" and thus there existed no evidence from which a jury could reasonably infer "that the substance had been on the floor long enough to raise a duty on the defendant to discover and remove it."  Nor is this a case in which the amount of accumulated rainwater created a jury question as in *Strahsburg v. Winn-Dixie Montgomery. Inc.*, 601 So.2d 916, 919 (Ala. 1992) and *Neel-Gilley v. McCalliater,* 753 So.2d 531, 533-34 (Ala. Civ. App. 1999).

had been present or that the defendant had notice of it); *Cash v. Winn-Dixie Montgomery, Inc.*, 418 So.2d 874 (Ala.1982) (affirming a summary judgment for the defendant where there was no evidence that the defendant knew that the foreign substance had been on the floor for such a length of time "as to impute constructive notice").

## CONCLUSION AND ORDER

For the reasons stated above, the Court concludes and it is therefore **ORDERED** that defendant's motion for summary judgment is due to be and is hereby **GRANTED** and that **JUDGMENT** be entered in favor of the defendant, Wal-Mart Stores East, LP , and against the plaintiffs, Michael Chappell and Darlene Chappell, the plaintiffs to have and recover nothing of the defendant.  Costs are taxed against the plaintiffs.

**DONE** this 14th day of March, 2006.

                                                s/ W. B. Hand
                                         SENIOR DISTRICT JUDGE